UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| KIARA JENNINGS, *a.k.a.* KIARA ELIE, and COREY JENNINGS, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:25-cv-00241-SDN |
| v. | ) ) | |
| MAINE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Defendant. | ) | |
| KIARA ELIE, and COREY JENNINGS, | ) ) ) | |
| Plaintiffs, | ) ) | 2:25-cv-00281-SDN |
| v. | ) ) | |
| MICHAEL DUDDY, et al. | ) ) ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

In two related cases, Petitioners Kiara Jennings (who also goes by Kiara Elie) and Corey Jennings ask the Court to issue various writs as well as declaratory and injunctive relief. At core, Petitioners seek the return of their children from the custody of other family members and resource parents. In addition, they request an injunction halting all state proceedings related to the custody dispute.

On June 2, 2025, the Magistrate Judge recommended dismissing the petitions in both cases after preliminary review. He concluded this Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), because Petitioners sought relief from a pending state

1

action. The Magistrate Judge notified the parties that failure to object would waive their right to de novo review and appeal. The Court has received four filings from Petitioners since the Magistrate Judge issued his Recommended Decision.[1] I address each in turn.

### I.     June 6th Affidavits

Petitioners filed two affidavits on June 6, 2025, describing the serious physical, emotional, and reputational harm they have suffered as a consequence of the state custody proceedings. ECF Nos. 6–7. Although not so labeled, I construe these filings as objections. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed . . . .'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

"*Younger* abstention is mandatory if its conditions are met" and if no exception applies. *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 68 (1st Cir. 2005). The facts Petitioners allege in their affidavits do not alter the *Younger* analysis. I agree that this case satisfies *Younger*'s conditions for the reasons explained by the Magistrate Judge. *See* ECF No. 5. And there are no facts in the record from which I can conclude any of *Younger*'s exceptions apply. *See Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015) (exceptions include when state proceeding is brought in bad faith, does not adequately protect federal rights, or enforces a flagrantly unconstitutional statute). Moreover, even if *Younger* did not prevent this Court from exercising jurisdiction, "[i]t is settled law that federal habeas corpus jurisdiction does not extend to state court disputes over child custody." *Hemon v. Off. of Pub. Guardian*, 878 F.2d 13, 14 (1st Cir. 1989).

---

[1] The first three filings do not contain docket numbers identifying which case Petitioners intended to file in. The Clerk's office initially filed those documents under case No. 2:25-cv-00241. For simplicity, I cite to the ECF numbers in that case only. However, because Petitioners conceivably could have intended to file those documents under either related case, I have directed the Clerk to file them on the docket in case No. 2:25-cv-281 as well.

## II.  June 23rd Notice

Petitioners filed a "Notice of Interference by State-Level Proceedings" on June 23, 2025.[2] ECF No. 8. Even if I construe this as an objection, this filing is untimely. The time within which to file objections expired fourteen days after Petitioners were served with the Recommended Decision. Fed. R. Civ. P. 72(b)(2). The Magistrate Judge issued his Recommended Decision on June 2, 2025, and the Court mailed a copy to Petitioners on the same day.

For a June 23rd objection to be considered timely, Petitioners must have received the Recommended Decision no earlier than June 9th, 2025. Petitioners do not say when they received the Recommended Decision. Nothing in the record suggests there was a full seven-day delay between when the Court mailed a copy of the Recommended Decision and when Petitioners received it. Therefore, the June 23rd notice is untimely, and will not be considered.

## III.  June 25th Objection

Petitioners filed a formal objection to the Recommended Decision on June 25, 2025. ECF Nos. 9–10. For the reasons discussed above, this objection also is untimely and will not be considered.

The June 25th objection contains unredacted personally identifiable information, including the full names and dates of birth of minor children. The Magistrate Judge ordered most of Petitioners' objection sealed to prevent dissemination of such sensitive

---

[2] The general rule is that "filing is fully accomplished only upon receipt" by the Court. *Goncalves v. Bondi*, 138 F.4th 58, 61 (1st Cir. 2025). Incarcerated pro se litigants are excepted; their pleadings are considered filed when mailed. However, that narrow exception for incarcerated litigants does not apply to unrepresented parties who are not in custody, because they do not face the same "unique" constraints faced by pro se prisoners. *Id.* (quoting *Houston v. Lack*, 487 U.S. 266, 272 (1988)).

information. *See* ECF No. 10. Whether or not Rule 5.2's privacy rules apply to this action, *see* Fed. R. Civ. P. 5.2(b)(6), I find it prudent to seal the documents and affirm the Magistrate Judge's sealing order.[3]

## CONCLUSION

Due to the filing of both the timely and untimely objections, I have reviewed and considered the Magistrate Judge's Recommended Decision in light of the record. I concur with the Magistrate Judge's conclusions as set forth in his Recommended Decision and determine that no further proceeding is necessary. Therefore, the Court **AFFIRMS** and **ADOPTS** the Recommended Decision in both cases. The Petitions are **DISMISSED**.

**SO ORDERED.**

Dated this 3rd day of July, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**

---

[3] I have considered ordering Petitioners to file a redacted version of their objection. However, the relevant documents run nearly 200 pages long and are densely packed with personally identifiable information. Weighing the difficulty of successfully redacting those documents and the privacy interests of the minor children discussed therein against the public interest in open court records, I find continued sealing is appropriate.

4